NO. 23-5162/ 23-5173

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT


UNITED STATES OF AMERICA                    PLAINTIFF-APPELLEE

v.

NATHANIEL DURHAM
PHILLIP BARNES                              DEFENDANTS-APPELLANTS


_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN- DISTRICT OF KENTUCKY
DISTRICT JUDGE BENJAMIN J. BEATON
_____

BRIEF FOR APPELLEE UNITED STATES OF AMERICA
_____

                    MICHAEL A. BENNETT
                    United States Attorney


                    Amanda E. Gregory
                    Assistant U.S. Attorney
                    U.S. Attorney's Office
                    717 W. Broadway
                    Louisville, KY 40202
                    PH:(502)582-5016/FAX:(502)582-5067
                    Email: amanda.gregory@usdoj.gov
                    Attorney for the United States

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS...............................................i

TABLE OF AUTHORITIES...........................................ii

STATEMENT REGARDING ORAL ARGUMENT..............................iv

ISSUES PRESENTED................................................1

STATEMENT OF THE CASE...........................................1

    Barnes and Durham Racked Up Multiple Violent Crime
    Convictions, then Illegally Possessed Guns .................2

    Barnes and Durham Are Charged and Convicted of Illegally
    Possessing Guns ...........................................5

    Barnes and Durham Are Each Sentenced Under the ACCA to 180
    Months Imprisonment .......................................5

SUMMARY OF THE ARGUMENT.........................................9

ARGUMENT........................................................9

  I.   The District Court's Error Was Harmless as the Record
      Evidence Shows Beyond a Reasonable Doubt a Rational Jury
      Would Have Found Barnes's and Durham's Predicate Offenses
      Were Committed on Different Occasions ...................9

      A. Standard of Review ...................................9

      B. There Was Overwhelming Evidence in the Record that
         Barnes's and Durham's Predicate Offenses Were
         Committed on Different Occasions....................12

         1. Record Evidence Shows Barnes's Predicate Offenses
            Were Committed on Different Occasions ............12

         2. Record Evidence Shows Durham's Predicate Offenses
            Were Committed on Different Occasions ............14

CONCLUSION.....................................................17

i

CERTIFICATE OF SERVICE........................................17

APPELLEE DESIGNATION OF DISTRICT COURT DOCUMENTS..............18

## TABLE OF AUTHORITIES

Cases                                                          Page

*Erlinger v. United States*, 144 S.Ct. 1840 (2024)...............10

*Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).................11

*Neder v. United States*, 527 U.S. 1 (1999).....................11

*United States v. Belcher*, 40 F.4th 430 (6th Cir. 2022).......10

*United States v. Campbell*, 77 F.4th 424
(6th Cir. 2023).......................................10, 12, 14

*United States v. Dominguez Benitez*, 542 U.S. 74 (2004)........11

*United Staes v. Lane*, 474 U.S. 438 (1986).....................11

*United States v. Williams*, 39 F.4th 342
(6th Cir. 2022).......................................10, 14, 16

*Washington v. Recuenco*, 548 U.S. 212 (2006)...................11

*Wooden v. United States*, 595 U.S. 360 (2022)..............Passim


Statutes and Miscellaneous

18 U.S.C. § 922(g)(1)............................................5

18 U.S.C. § 924(a)(2)...........................................5

18 U.S.C. § 924(e)(1)...........................................5

Armed Career Criminal Act (ACCA)..........................Passim

U.S. Const. Amend. VI..........................................11

## STATEMENT REGARDING ORAL ARGUMENT

Because the issues have been thoroughly addressed in the briefs, and are not complex, oral argument is unnecessary.

ISSUES PRESENTED

1.  Whether the district court's error in making the determination that Phillip Barnes's Armed Career Criminal Act predicates were committed on different occasions, despite the fact that Barnes had not admitted this during the plea hearing, was harmless given the evidence all the offenses occurred on different days and at least three offenses occurred at different locations?

2.  Whether the district court's error in making the determination that Nathaniel Durham's Armed Career Criminal Act predicates were committed on different occasions, rather than submitting the matter to the jury, was harmless given the evidence all the offenses occurred on different days and at different locations?

STATEMENT OF THE CASE

Phillip Barnes and Nathaniel Durham, both convicted felons, were convicted of being felons in possession of guns.  (R. 12 Indictment at 62-63; R. 112 Order at 470; R. 120 Durham Verdict Form at 528).  Both appeal their sentences by alleging that the district court should not have made the *Wooden*-required different-occasions determination as to their Armed Career Criminal Act (ACCA) predicate offenses.  (App. R. 21 Barnes Appellant Br. at 12; App. R. 16 Durham Appellant Br. at 17).

<u>Barnes and Durham Racked Up Multiple Violent Crime Convictions,</u>
<u>then Illegally Possessed Guns.</u>

Between August 2008 and June 2009, Phillip Barnes robbed three different businesses in the Louisville area on four different days. (R. 133 Barnes Presentence Report at 673-74). Barnes was charged for these crimes and pled guilty to four felony counts of Robbery, 1st Degree, in Jefferson Circuit Court Case No. 11-CR-2146. (*Id.*).

| Conviction | Case No. | Offense Date | Offense Location | Cite |
|---|---|---|---|---|
| Robbery, 1st Degree | 11-CR-2146 | August 8, 2008 | Family Dollar on Portland Avenue | (*Id.* at 674). |
| Robbery, 1st Degree | 11-CR-2146 | August 18, 2008 | Family Dollar on Portland Avenue | (*Id.*). |
| Robbery, 1st Degree | 11-CR-2146 | August 31, 2008 | Family Dollar on Poplar Level Road | (*Id.*). |
| Robbery, 1st Degree | 11-CR-2146 | June 11, 2009 | Family Dollar on 28th Street | (*Id.*). |

Between January 2009 and February 2011, Nathaniel Durham burglarized 17 different homes in the Louisville area on 17 different days. (R. 138 Durham Presentence Report at 713-23). He was charged for these crimes in multiple cases in Jefferson Circuit Court, and pled guilty, as outlined below.

| Conviction | Case No. | Offense Date | Offense Location | Cite |
|---|---|---|---|---|
| Burglary, 2nd Degree | 10-CR-0421 | January 13, 2009 | 222 Fairmeade | (*Id.* at 714). |
| Burglary, 2nd Degree | 10-CR-0421 | January 16, 2009 | 3603 West Broadway | (*Id.*) |

| Conviction | Case No. | Offense Date | Offense Location | Cite |
|---|---|---|---|---|
| Burglary, 1st Degree | 10-CR-2514 | October 9, 2009 | 5510 Knobview Lane | (*Id.* at 716). |
| Burglary, 2nd Degree | 10-CR-2514 | October 15, 2009 | 4802 Miles Lane | (*Id.*). |
| Burglary, 2nd Degree | 10-CR-2514 | October 20, 2009 | 5809 Applegate Lane | (*Id.*). |
| Burglary, 2nd Degree | 10-CR-0421 | October 28, 2009 | 1630 Deer Lane | (*Id.* at 714). |
| Burglary, 2nd Degree | 10-CR-2514 | October 30, 2009 | 5907 Applegate Lane | (*Id.* at 716). |
| Burglary, 2nd Degree | 10-CR-0421 | November 9, 2009 | 8514 American Drive | (*Id.* at 714). |
| Burglary, 2nd Degree | 10-CR-0421 | November 17, 2009 | 403 Hidden Oak Way | (*Id.*). |
| Burglary, 2nd Degree | 10-CR-0421 | January 12, 2010 | Gingerwood Drive | (*Id.*). |
| Burglary, 2nd Degree | 10-CR-3831 | October 19, 2010 | 4018 St. Ives Court | (*Id.* at 717). |
| Burglary, 2nd Degree | 11-CR-2542 | October 19, 2010 | 3422 Warner Drive | (*Id.* at 723). |
| Burglary, 2nd Degree | 11-CR-1340 | December 15, 2010 | 300 Iola Road | (*Id.* at 720). |
| Burglary, 2nd Degree | 11-CR-1340 | January 4, 2011 | 109 Oxford Place | (*Id.*). |
| Burglary, 2nd Degree | 11-CR-1912 | January 10, 2011 | 4122 Sunflower Drive | (*Id.* at 722). |
| Burglary, 2nd Degree | 11-CR-1005 | January 27, 2011 | 3505 Lenoir Drive | (*Id.* at 719). |
| Burglary, 1st Degree | 11-CR-1839 | January 28, 2011 | 2119 Ann Marie Drive | (*Id.* at 721). |
| Complicity Burglary, 2nd Degree | 11-CR-1005 | February 1, 2011 | 6921 Brighton Springs | (*Id.* at 719). |

On December 3, 2020, Louisville Metro Police Department detectives observed Nathaniel Durham, Phillip Barnes, and Jeremy Cosby go into Marquise Reyes's apartment, from which Louisville Metro Police officers later seized 32 grams of fentanyl, a bottle of cutting agent, a digital scale with white residue on top, an aluminum narcotics press, and a bundle of currency. (R. 133 Barnes Presentence Report at 665-66; R. 138 Durham Presentence Report at 705-06). Barnes was carrying a rifle when he entered and exited the building. (R. 133 Barnes Presentence Report at 665; R. 138 Durham Presentence Report at 705). After Durham, Barnes, Cosby, and Reyes left the apartment, Louisville Metro Police officers surrounded them as they were getting into an SUV. (R. 133 Barnes Presentence Report at 665; R. 138 Durham Presentence Report at 705). Barnes was in the driver's seat of the SUV with the rifle he was carrying leaning against the center console. (R. 133 Barnes Presentence Report at 665; R. 138 Durham Presentence Report at 705). There was also a pistol in the center console. (R. 133 Barnes Presentence Report at 665; R. 138 Durham Presentence Report at 705). Durham took off running when he saw the police officers. (R. 133 Barnes Presentence Report at 665; R. 138 Durham Presentence Report at 705). While running, he took a pistol from his waistband and threw it on the ground near the back of the SUV. (R. 133 Barnes

Presence Report at 665; R. 138 Durham Presentence Report at 705).

Barnes and Durham Are Charged and Convicted of Illegally Possessing Guns.

A federal grand jury returned an indictment charging Barnes and Durham each with possession of a gun after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1).  (R. 12 Indictment at 62-63).  Barnes pled guilty without a plea agreement.  (R. 187 Barnes Change of Plea Tr. at 1030).  Durham was convicted at trial.  (R. 120 Durham Verdict Form at 528).

Barnes and Durham Are Each Sentenced Under the ACCA to 180 Months Imprisonment.

The Probation Office prepared presentence reports classifying both Barnes and Durham as armed career criminals under 18 U.S.C. § 924(e)(1) (the ACCA) and thus subject to a 15-year mandatory minimum sentence.  (R. 133 Barnes Presentence Report at 667; R. 138 Durham Presentence Report at 706-08).  Barnes objected to his designation as an armed career criminal, arguing that he did not admit that his predicate convictions were committed on occasions different from each other in his plea colloquy, and therefore the court could not impose an ACCA sentence.  (R. 141 Barnes Sent'g Memo. at 754-57).  Similarly, Durham objected to his designation as an armed career criminal, arguing that the jury did not make a finding that his predicate

convictions were committed on occasions different from each other, and therefore the court could not impose an ACCA sentence. (R. 139 Durham Sent'g Memo. at 742-43).

The United States also took the position that the determination of different occasions should have been submitted to the jury at trial or included in the colloquy at the plea hearing. (R. 176 Durham Sent'g Tr. at 943; R. 188 Barnes Sent'g Tr. at 1063). However, the United States also acknowledged that, at the time, binding precedent in the Sixth Circuit required the district court to make the determination as to whether the predicate offenses occurred on separation occasions at sentencing. (R. 140 Gov't Sent'g Memo. for Durham at 749-50; R. 144 Gov't Sent'g Memo. for Barnes at 771-71).

The district court discussed the ACCA issue with the parties at length at both sentencing hearings, then issued a written order in February 2023. (R. 176 Durham Sent'g Tr. at 942-69; R. 188 Barnes Sent'g Tr. at 1054-82; R. 155 Opinion at 801-20). The district court outlined the holding in *Wooden v. United States*, 595 U.S. 360 (2022), and noted the parties' position that the district court should not make the determination about whether the predicate offenses occurred on different occasions. (R. 155 Opinion at 806-08). The district court noted it understood the parties' position, but "remained bound by precedent" to reject it. (*Id*. at 808). The district

court then undertook the different-occasions analysis required by *Wooden* and found that both Barnes and Durham qualified as armed career criminals. (*Id.* at 810-14).

The district court first examined Durham's state court judgments, the state government's plea offers, and a video of Durham's plea colloquies to determine whether Durham's numerous burglary offenses occurred on different occasions. (*Id.* at 810-11). The district court noted that in the video of the plea colloquies, Durham admitted to committing burglaries he was convicted of on "9th, 15th, 20th, and 30th of October 2009, and on the 4th, 10th, 27th, and 28th of January 2011." (*Id.* at 811).

The district court then focused on three of Durham's cases covering four burglary convictions. The district court noted that the judgments in Case Nos. 11-CR-2452, 11-CR-1340, and 11-CR-1839 incorporated the state government's plea offers. (*Id.* at 811-12). The district court pointed out the incorporated plea offer in Case No. 11-CR-2452 states that Durham committed a burglary on October 19, 2010; the incorporated plea offer in Case No. 11-CR-1340 states that Durham committed burglaries on December 15, 2010, and January 4, 2011; and the incorporated plea offer in Case No. 1839 states that Durham committed a robbery on January 28, 2011. (*Id.*). The district court further noted that Durham confirmed he committed robberies on these

dates during the videotaped plea colloquies.  (*Id*. at 812).
Based on the span of time between the four burglaries and the
fact that they were all at different locations, the district
court found they occurred on different occasions.  (*Id*. at 812).

The district court next examined Barnes's state court
judgment in Case No. 11-CR-2146, the state government's plea
offer, and a video of Barnes's state court plea colloquy to
determine whether Barnes' four first-degree robbery convictions
occurred on different occasions.  (*Id*. at 813).  During the
state court plea colloquy, Barnes admitted to robbing three
different Family Dollar stores on four different dates:  August
6, 2008; August 18, 2008; August 31, 2008; and June 11, 2009.
(*Id*.).  Based on the span of time that passed between each of
the robberies, the district court found they occurred on
different occasions.  (*Id*. at 814).

Based on the determination that both Barnes and Durham had
three or more predicate convictions for violent felonies that
occurred on different occasions, the district court found that
both Barnes and Durham were armed career criminals and sentenced
them each to 180 months imprisonment.  (*Id*.).

Based on a new Supreme Court decision, the district court erred by making the different-occasions determination, but the district court followed the law at the time.  Even under the new law, any error was harmless.  Overwhelming and uncontroverted evidence showed that Barnes and Durham each had at least three previous violent felonies that were committed on different occasions.  The offenses identified by the district court as being on different occasions occurred on different dates and in different locations.  Accordingly, the judgments should be affirmed.

## ARGUMENT

I.  The District Court's Error Was Harmless as the Record Evidence Shows Beyond a Reasonable Doubt a Rational Jury Would Have Found Barnes's and Durham's Predicate Offenses Were Committed on Different Occasions.

A. Standard of Review.

In *Wooden*, the Supreme Court held that separate convictions "arising from a single criminal episode" do not qualify as offenses occurring on different occasions under the ACCA. *Wooden*, 595 U.S. at 363.  To determine whether offenses arose from a single episode or occurred on different occasions, the Supreme Court adopted a "multi-factored" approach that considers whether the offenses are "separated by substantial gaps in time or significant intervening events," "[t]iming," the "[p]roximity

9

of location" of the offenses, and "the character and relationship of the offenses." *Id*. at 369.

Post-*Wooden*, this Court's precedent instructed judges to make the determination of whether a defendant's predicate offenses occurred on different occasions by applying the factors outlined in *Wooden*. *See United States v. Campbell*, 77 F.4th 424, 430 (6th Cir. 2023); *United States v. Belcher*, 40 F.4th 430, 432 (6th Cir. 2022); *United States v. Williams*, 39 F.4th 342, 351 (6th Cir. 2022). Following this precedent, the district court in this case made the determination whether Barnes's and Durham's predicate offenses occurred on different occasions without submitting the issue to the jury in Durham's trial and without it being included in the factual basis at the plea hearing for Barnes.

However, in June 2024, in *Erlinger v. United States*, the Supreme Court held the *Wooden*-required determination of whether predicate offenses occurred on different occasions "must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." *Erlinger v. United States*, 144 S.Ct. 1840, 1851 (2024). Thus, while the district court acted in accordance with then-governing law when it ruled that Barnes's and Durham's prior convictions occurred on different occasions from one another, that decision is now error under *Erlinger* because their appeals are on direct review. *See*

*Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) (a "new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review . . . , with no exception for cases in which the new rule constitutes a 'clear break' with the past").

While the district court erred, it was not a structural error, and thus is subject to harmless error review.  The Supreme Court has held that "[f]ailure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error" and does not require reversal if it is harmless.  *Washington v. Recuenco*, 548 U.S. 212, 222 (2006); *see also Neder v. United States*, 527 U.S. 1, 18 (1999) (failure to submit an element of the offense to the jury may be harmless error).  A Sixth Amendment error may be harmless where the record makes "clear beyond a reasonable doubt that a rational jury would have found" the fact that increases the statutory range – namely, that the relevant ACCA predicates were committed on different occasions.  *Neder*, 527 U.S. at 18; see *United Staes v. Lane*, 474 U.S. 438, 448 n.11 (1986) (harmless-error inquiry "requires a review of the entire record").  The United States bears the burden of proving harmlessness.  *See, e.g., United States v. Dominguez Benitez*, 542 U.S. 74, 81 n.7 (2004).

B. There Was Overwhelming Evidence in the Record that
   Barnes's and Durham's Predicate Offenses Were
   Committed on Different Occasions.

In *Wooden*, The Supreme Court noted that in many cases "a
single factor - especially of time or place - can decisively
differentiate occasions." *Wooden*, 595 U.S. at 369-70.  The
Supreme Court acknowledged that courts "nearly always treat[]
offenses as occurring on separate occasions if a person
committed them a day or more apart, or at a 'significant
distance'" apart.  *Id*. at 370; *see also United States v.
Campbell*, 77 F.4th 424, 429 (6th Cir. 2023) ("In many instances,
however, our analysis can be limited to inquiries like whether
the offenses were committed a 'day or more apart; or at
'significant' distances, factors that can singularly decide the
question.") (*quoting Wooden*, 595 U.S. at 370).

1. Record Evidence Shows Barnes's Predicate Offenses
   Were Committed on Different Occasions.

The state court records and the video of the state plea
hearing clearly demonstrate that Barnes had four previous
violent felonies committed on different dates. (R. 133 Barnes
Presentence Report at 673-74; R. 155 Opinion at 813-14).  The
Judgment and Amended Judgments in Jefferson Circuit Court Case
No. 11-CR-2146 show Barnes was convicted of four counts of
first-degree robbery in the case.  (R. 190-1 Barnes Sent'g Ex.
at 1097-1105).  The Commonwealth's Offer on a Plea of Guilty,

which the defendant reviewed and signed, includes a factual basis that states on August 6, 2008, the defendant robbed the Family Dollar at 3022 Portland Avenue; on August 18, 2008, the defendant robbed the Family Dollar at 3022 Portland Avenue; on August 31, 2008, the defendant robbed the Family Dollar at 4936 Poplar Level Road; and on June 11, 2009, the defendant robbed the Family Dollar at 1033 South 28th Street. (*Id.* at 1106-1107). During the state court plea hearing, the judge read the details listed in the factual basis of the Commonwealth's Offer on a Plea of Guilty, including the dates and the addresses of the robberies, and Barnes acknowledged the information was accurate. (DVD - Barnes Gov't Sent'g Ex., 11-Cr-002146 Phillip Barnes div 1 6-24-13 cd 115.asf, at 3:25-5:24).

Even under the broadest possible reading of *Wooden*, and assuming arguendo that the two robberies that occurred at the same location comprised a single criminal episode even though over a week and a half passed between them, Barnes still had predicate offenses occurring in three separate locations on separate dates.

Barnes made no attempt to dispute these dates or locations. Indeed, Barnes acknowledged the robberies were all committed on separate days. (App. R. 21 Barnes Appellant Br. at 45). Instead, Barnes argued that because each offense was the robbery of a Family Dollar store and all the robberies were properly

joined in one indictment the robberies were "one occasion." *Id.* at 44. However, this Court has rejected the argument that sharing a common purpose was sufficient to tie crimes together as one occasion. *Campbell*, 77 F.4th at 430 (6th Cir. 2023).

In *United States v. Williams*, this Court also rejected a defendant's argument that the fact that four robberies were joined together in one indictment necessarily meant they occurred on one occasion. *Williams*, 39 F.4th at 350. Rather, this Court pointed to the fact that each of the robberies had been separated by at least six days and at least three of the robberies occurred at different locations. *Id.* This Court found that "[g]iven the substantial gap in time between [the defendant]'s robbery offenses and some variety in locations, the offenses were committed on separate occasions." *Id.* The same logic applies here. Any error committed by the district court was harmless given the overwhelming evidence Barnes had been convicted of three or more robberies occurring on different occasions.

### 2. Record Evidence Shows Durham's Predicate Offenses Were Committed on Different Occasions.

With respect to Durham, the state court records and the video of the state plea hearing clearly prove that the four previous violent felonies the district court focused on were committed on different dates and at different locations, and

that Durham had multiple other violent felony convictions that were also committed on different occasions. (R. 138 Durham Presentence Report at 713-23; R. 155 Opinion at 810-12). The Judgment in Jefferson Circuit Court Case No. 11-CR-2542 shows Durham was convicted of one count of second-degree burglary in that case. (R. 194-1 Durham Sent'g Ex. at 1125-27). The Commonwealth's Offer on a Plea of Guilty in the same case, which the defendant reviewed and signed, includes a factual basis that states on October 19, 2010, the defendant burglarized 3422 Warner Avenue. (*Id*. at 1130-31). The Judgment in Jefferson Circuit Court Case No. 11-CR-1340 shows Durham was convicted of two counts of second-degree burglary in that case. (*Id*. at 1140-42). The Commonwealth's Offer on a Plea of Guilty in the same case, which the defendant reviewed and signed, includes a factual basis that states on December 15, 2010, the defendant burglarized 300 Iola Road, and on January 4, 2011, the defendant bulgarized 109 Oxford Place. (*Id*. at 1145-46). The Judgment in Jefferson Circuit Court Case No. 11-CR-1839 shows Durham was convicted of one count of first-degree burglary in that case. (*Id*. at 1147-49). The Commonwealth's Offer on a Plea of Guilty in the same case, which the defendant reviewed and signed, includes a factual basis that states on June 28, 2011, the defendant burglarized 2119 Anne Marie Drive. (*Id*. at 1153-54). During the state court plea hearing that covered Case Nos. 11-

15

CR-2542, 11-CR-1340, and 11-CR-1839, in addition to five other cases, the judge read the details listed in the factual bases from the Commonwealth's Offers on a Plea of Guilty in each case, including the dates and the addresses of the burglaries, and Durham acknowledged the information was accurate. (DVD - Durham Gov't Sent'g Ex., 10-CR-002514 Nathaniel div 3 9-29-11 cd 173.asf, at 18:20-21:16).

It is clear that Durham's predicate offenses occurred on different occasions. It is undisputed that each burglary occurred on a different date at a different location. Following *Wooden*, the predicate offenses should be treated as different occasions as they were each "a day or more apart, [and] at a 'significant distance.'" *Wooden*, 595 U.S. at 370; *see also Williams*, 39 F.4th at 350. Even if there was an issue with one of the four predicate convictions that the district court focused on, Durham had plenty of other burglary convictions to choose from, and the state court records likewise show those took place on different occasions, as well. (R. 194-1 Durham Sent'g Ex. at 1117-24, 1133-39; DVD - Durham Gov't Sent'g Ex., 10-CR-002514 Nathaniel div 3 9-29-11 cd 173.asf, at 12:03-18:20). Any error committed by the district court was harmless given the overwhelming evidence Durham had been convicted of three or more burglaries occurring on different occasions.

## CONCLUSION

This Court should affirm the district court's judgments.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant U.S. Attorney
U.S. Attorney's Office
717 W. Broadway
Louisville, KY 40202
PH:(502)582-5016/FAX:(502)582-5067
Email: amanda.gregory@usdoj.gov
Attorney for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2024 a copy of the foregoing brief was electronically filed with the clerk of the court by using the CM/ECF system which will notify counsel of record.

s/ Amanda E. Gregory
Amanda E. Gregory
Assistant U.S. Attorney

APPELLEE'S DESIGNATION OF DISTRICT COURT RECORDS

| Record Entry | Description | Page ID# |
|---|---|---|
| 12 | Indictment | 61-67 |
| 112 | Order | 471-473 |
| 120 | Verdict Form | 528 |
| 133 | Barnes' Presentence Report | 659-685 |
| 138 | Durham's Presentence Report | 699-740 |
| 139 | Durham's Sentencing Memo. | 741-746 |
| 140 | Gov't. Sentencing Memo. for Durham | 747-752 |
| 141 | Barnes' Sentencing Memo. | 753-758 |
| 144 | Gov't. Sentencing Memo. for Barnes | 769-772 |
| 155 | Opinion | 801-820 |
| 176 | Durham's Sentencing Transcript | 939-994 |
| 187 | Barnes' Change of Plea Transcript | 1015-1051 |
| 188 | Barnes' Sentencing Transcript | 1052-1093 |
| 190-1 | Barnes' Sentencing Exhibit | 1097-1109 |
| 194-1 | Durham's Sentencing Exhibit | 1116-1154 |
| | Barnes' Sentencing Gov't. DVD Exhibit | n/a |
| | Durham's Sentencing Gov't. DVD Exhibit | n/a |