NO. 23-5162/ 23-5173

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA                PLAINTIFF-APPELLEE

v.

NATHANIEL DURHAM
PHILLIP BARNES                            DEFENDANTS-APPELLANTS

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
DISTRICT JUDGE BENJAMIN J. BEATON
_____

SUPPLEMENTAL BRIEF FOR APPELLEE UNITED STATES OF AMERICA
_____

KYLE G. BUMGARNER
United States Attorney

Amanda E. Gregory
Assistant U.S. Attorney
U.S. Attorney's Office
717 W. Broadway
Louisville, KY 40202
PH:(502)582-5016/FAX:(502)582-5067
Email: amanda.gregory@usdoj.gov
Attorney for the United States

TABLE OF CONTENTS

                                                Page

TABLE OF CONTENTS ........................................................................................i

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT REGARDING ORAL ARGUMENT ............................................ iii

ISSUE PRESENTED ............................................................................................1

STATEMENT OF THE CASE ...............................................................................1

SUMMARY OF THE ARGUMENT .....................................................................4

ARGUMENT .........................................................................................................5

    I.       The District Court's Error Was Harmless ....................................................5

           A. Standard of Review .................................................................................5

           B. Post-*Wooden* Occasions-Clause Analysis..............................................7

           C. There Was Overwhelming Evidence in the Record that Barnes's and Durham's Predicate Offenses Were committed on Different Occasions......................................................................................................9

CONCLUSION ....................................................................................................12

CERTIFICATE OF COMPLIANCE ...................................................................13

CERTIFICATE OF SERVICE .............................................................................13

APPELLEE DESIGNATION OF DISTRICT COURT DOCUMENTS .................14

# TABLE OF AUTHORITIES

Cases                                                                                                    Page

*Erlinger v. United States*, 602 U.S. 821 (2024)..................................................5, 7, 8

*Greer v. United States*, 593 U.S. 503 (2021).........................................................5

*Livingston Christian Sch. v. Genoa Charter Twp.*, 858 F.3d 996 (6th Cir. 2017)..11

*Rehaif v. United States*, 588 U.S. 225 (2019)..........................................................6

*United States v. Bowling*, 135 F.4th 1125, 1127 (8th Cir. 2025) ............................10

*United States v. Brown*, 136 F.4th 87 (4th Cir. 2025) .....................................5, 6, 11

*United States v. Campbell*, 122 F.4th 624 (6h Cir. 2024) .............................4, 5, 6, 8

*United States v. Cogdill*, 130 F.4th 523 (6th Cir. 2025)...............................4, 6, 8, 9

*United States v. Curry*, 125 F.4th 733 (5th Cir. 2025) ...........................................10

*United States v. Kimbrough*, 138 F.4th 473 (6th Cir. 2025)...........................*Passim*

*United States v. Robinson*, 133 F.4th 712 (6th Cir. 2025)................................4, 6, 8

*United States v. Thomas*, 2025 WL 1823124, -- F.4th –(6h Cir. 2025)................6, 8

*Wooden v. United States*, 595 U.S. 360 (2022) ....................................................7, 8

*Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019) ..................................................6

Statutes and Miscellaneous

Armed Career Criminal Act................................................................................*Passim*

Google Maps ............................................................................................................11

## STATEMENT REGARDING ORAL ARGUMENT

Because the issues have been thoroughly addressed in the briefs, and are not complex, oral argument is unnecessary.

# ISSUE PRESENTED

Whether the district court's error in making judicial findings that Armed Career Criminal Act predicate offenses were committed on different occasions was harmless.

# STATEMENT OF THE CASE

Between August 2008 and June 2009, Phillip Barnes robbed four Family Dollar stores in Louisville:

> On 8/6/08, [Barnes], while armed with a handgun, demanded money at the Family Dollar at 3022 Portland Avenue.
>
> On 8/18/08, [Barnes], while armed with a handgun, and acting in complicity with another unknown co-defendant, demanded business cash at the Family Dollar at 3022 Portland Avenue. When the clerk could not get the drawer open, [Barnes] fired the gun in her direction putting her at risk of death or serious physical injury.
>
> On 8/31/08, [Barnes], while armed with a handgun, and acting in complicity with another unknown co-defendant, demanded business cash at the Family Dollar at 4936 Poplar Level Road.
>
> On 6/11/09, [Barnes], while armed with a handgun, and acting in complicity with another unknown co-defendant, demanded business cash at the Family Dollar at 1033 S. 28th St.

(R.190-1 Barnes Sent'g Ex. 1106). Barnes pleaded guilty to four felony counts of Robbery, 1st Degree. (R.133 Barnes Presentence Report 674).

Between January 2009 and February 2011, Nathaniel Durham burglarized 18 different homes on 17 different days in Louisville. (R.138 Durham Presentence Report 713-23). He was convicted for these crimes, as outlined below:

| Conviction | Accomplice | Offense Date | Offense Location | Arrest Date | Cite |
|---|---|---|---|---|---|
| Burglary, 2nd Degree | Yes | 1/13/09[1] | 222 Fairmeade | 1/11/10 | (*Id.* at 713-14). |
| Burglary, 2nd Degree | Unknown | 1/16/09 | 3603 West Broadway | 1/11/10 | (*Id.*) |
| Burglary, 1st Degree | Yes | 10/9/09 | 5510 Knobview Lane | 10/7/10 | (*Id.* at 715-16). |
| Burglary, 2nd Degree | Yes | 10/15/09 | 4802 Miles Lane | 10/7/10 | (*Id.*). |
| Burglary, 2nd Degree | Yes | 10/20/09 | 5809 Applegate Lane | 10/7/10 | (*Id.*). |
| Burglary, 2nd Degree | Yes | 10/28/09 | 1630 Deer Lane | 1/11/10 | (*Id.* at 713-4). |
| Burglary, 2nd Degree | Yes | 10/30/09 | 5907 Applegate Lane | 10/7/10 | (*Id.* at 715-16). |
| Burglary, 2nd Degree | Yes (a minor) | 11/9/09 | 8514 American Drive | 1/11/10 | (*Id.* at 713-14). |
| Burglary, 2nd Degree | Yes | 11/17/09 | 403 Hidden Oak Way | 1/11/10 | (*Id.*). |
| Burglary, 2nd Degree | No | 1/12/10 | Gingerwood Drive | 1/11/10[2] | (*Id.*). |

---

[1] The plea offer states the Fairmeade burglary was committed on January 13, 2009, though the citation states it occurred on November 13, 2009. (R.138 Durham Presentence Report 714).

[2] The Presentence Report lists the arrest date for the Gingerwood burglary as January 11, 2010, though the burglary is listed as occurring on January 12, 2010. (R.138 Durham Presentence

| Conviction | Accomplice | Offense Date | Offense Location | Arrest Date | Cite |
|---|---|---|---|---|---|
| Burglary, 2nd Degree | No | 10/19/10 | 4018 St. Ives Court | 10/21/10 | (*Id*. at 716-17). |
| Burglary, 2nd Degree | No | 10/19/10 | 3422 Warner Drive | 8/24/11 | (*Id*. at 722-23). |
| Burglary, 2nd Degree | No | 12/15/10 | 300 Iola Road | 4/11/11 | (*Id*. at 720). |
| Burglary, 2nd Degree | No | 1/4/11 | 109 Oxford Place | 4/11/11 | (*Id*.). |
| Burglary, 2nd Degree | Yes (multiple) | 1/10/11 | 4122 Sunflower Drive | 6/20/11 | (*Id*. at 722). |
| Burglary, 2nd Degree | No | 1/27/11 | 3505 Lenoir Drive | 4/11/11 | (*Id*. at 718-19). |
| Burglary, 1st Degree | Yes | 1/28/11 | 2119 Ann Marie Drive | 4/11/11 | (*Id*. at 721). |
| Complicity Burglary, 2nd Degree | Yes | 2/1/11 | 6921 Brighton Springs | 4/11/11 | (*Id*. at 718-19). |

After independently accumulating lengthy criminal records, Barnes and Durham were charged with being felons in possession of guns. (R.12 Indictment 62-63). Barnes pleaded guilty without a plea agreement. (R.187 Barnes Plea Tr. 1030). Durham was convicted at trial. (R.120 Durham Verdict Form 528). In accordance with this Court's then-existing precedent, the district court conducted the Armed Career Criminal Act (ACCA) different-occasions analysis itself, relying

---

Report 714). The Presentence Report notes that Durham gave a post-*Miranda* statement admitting to breaking into Gingerwood on January 12, 2010. (*Id*.).

on state court records to determine that Barnes's and Durham's offenses occurred on different occasions. (R.176 Durham Sent'g Tr. 943-69; R.188 Barnes Sent'g Tr. 1066-82; R.155 Opinion 801-20). Both Barnes and Durham were sentenced to the ACCA mandatory minimum of 180 months. (R.176 Durham Sent'g Tr. 987; R.188 Barnes Sent'g Tr. 1089). Barnes and Durham appealed their sentences, arguing that the district court should not have made the different-occasions determination. (Barnes Br. 12; Durham Br. 17).

This Court ordered supplemental briefing to address "the application of the harmless-error standard to [Barnes's and Durham's ACCA sentences], and any interaction among this court's decisions in *United States v. Campbell*, 122 F.4th 624 (6th Cir. 2024), *United States v. Cogdill*, 130 F.4th 523 (6th Cir. 2025), *United States v. Robinson*, 133 F.4th 712 (6th Cir. 2025), and *United States v. Kimbrough*, 138 F.4th 473 (6th Cir. 2025)." (App.R.50 Letter to Counsel 1).

## SUMMARY OF THE ARGUMENT

Harmless-error review applies. Overwhelming and uncontroverted evidence showed that Barnes and Durham each had committed at least three violent felonies on different occasions. The predicate offenses occurred on different dates and were separated by intervening events. The judgments should be affirmed.

## ARGUMENT

I. The District Court's Error Was Harmless.

A. Standard of Review

This Court reviews an *Erlinger* error – namely, "a sentencing enhancement resulting from judicial findings concerning ACCA's occasions clause" – for harmless error. *Campbell*, 122 F.4th at 630-31 (6th Cir. 2024). The "harmless error review is based on an assessment of all 'relevant and reliable information' in the 'entire record,'" including information in *Shepard* documents and presentence reports. *Id*. at 632-33 (quoting *Greer v. United States*, 593 U.S. 503, 510-11 (2021)).

The Fourth Circuit held when a defendant has gone to trial, the harmless-error analysis for an *Erlinger* error should focus on what a jury would have done, but when a defendant has pleaded guilty, the harmless-error analysis should focus on whether the government has shown "beyond a reasonable doubt that if [the defendant's] indictment had alleged the 'different occasions' element of ACCA and if [the defendant] had been correctly advised at his plea hearing that he 'was entitled to have a jury resolve [that issue] unanimously and beyond a reasonable doubt,' . . . he would have nonetheless waived that right and admitted as part of his guilty plea that his prior offenses were committed on different occasions." *United States v. Brown*, 136 F.4th 87, 97 (4th Cir. 2025) (citations omitted).

Relying heavily on the Supreme Court's analysis of how plain-error review applied in post-*Rehaif* cases, the Fourth Circuit reasoned that when a defendant has waived the right to trial and pleaded guilty, "the harmless-error burden is different" than when a defendant has been convicted at trial. *Id.* (citing *Greer v. United States*, 593 U.S. 503, 513 (2021).

This Court has characterized the harmless-error analysis as determining whether "absent the error any reasonable jury would have found that [the defendant] committed the prior offenses on different occasions," *Cogdill*, 130 F.4th at 528, regardless of whether the defendant pleaded guilty to the 922(g)(1) charge or was convicted at trial. *See Campbell*, 122 F.4th at 627, 632 (plea); *Cogdill*, 130 F. 4th at 525, 528 (plea); *Robinson*, 133 F.4th at 715-17, 724 (trial); *Kimbrough*, 138 F.4th at 475, 477 (plea); *United States v. Thomas*, 2025 WL 1823124 at *1, *3, -- F.4th –- (6th Cir. 2025) (trial). However, as this Court has not explicitly considered whether a different standard should apply depending on whether a defendant has pleaded guilty or been convicted at trial, this issue has not been decided. *See Wright v. Spaulding*, 939 F.3d 695, 702 (6th Cir. 2019) ("questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents") (internal quotations and citations omitted). Prior to the decision in *Brown*, the United States advocated in its brief in this case for the standard of

review eventually adopted in *Campbell*. (Gov't Br. 14-16). But given the Supreme Court's reasoning in *Greer*, the Fourth Circuit's distinction between post-plea and post-trial harmless error is the correct approach.

      B. <u>Post-*Wooden* Occasions-Clause Analysis</u>

In *Wooden*, the Supreme Court held determining whether offenses arose from a single episode or occurred on different occasions requires a "multi-factored" approach that considers whether the offenses are "separated by substantial gaps in time or significant intervening events," "[t]iming," the "[p]roximity of location" of the offenses, and "the character and relationship of the offenses." *Wooden v. United States*, 595 U.S. 360, 369 (2022). The Supreme Court acknowledged that "occasion" ordinarily means "an event or episode — which may, in common usage, include temporally discrete offenses," and that in "many cases, a single factor – especially time or place – can decisively differentiate occasions." *Id*. at 367, 369-70. The Supreme Court noted courts have "nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart or at 'significant distance.'" *Id*. at 370 (citation omitted). But "no particular lapse of time or distance between offenses *automatically* separates a single occasion from distinct ones." *Erlinger v. United States*, 602 U.S. 821, 841 (2024) (emphasis added).

7

Since *Erlinger*, this Court has issued five published opinions applying harmless-error analysis using the *Wooden* factors. In *Robinson* and *Thomas*, this Court found harmless error where there were multiple years between predicate offenses and each offense was a different type of crime. *Robinson*, 133 F.4th at 724-25; *Thomas*, 2025 WL 1823124 at *4.

In *Campbell*, after reiterating that inquiries like "whether the offenses were committed a 'day or more apart' or at 'significant' distances" are "factors that can singularly decide the [occasions] question," this Court found "a Chattanooga drug trafficking offense in August 1992, a Norfolk drug trafficking offense in December 1992, and another Norfolk drug trafficking offense from March 1993" occurred on different occasions as "[m]onths separate[d] each of the offenses —- far more than the 'day' of separation the Supreme Court used as a benchmark" and the Chattanooga offense was 800 miles from the Norfolk offenses. *Campbell*, 122 F.4th at 629, 632.

In *Cogdill*, this Court found harmful error where a district court found that a June 2014 distribution of methamphetamine offense and a September 2014 possession of methamphetamine with intent to distribute offense occurred on different occasions. *Cogdill*, 130 F.4th at 526-30. Based on a "scant" record, this Court noted given the absence of information on location, both offenses could have "occurred in the exact same place," and concluded it was possible Cogdill had a

8

large quantity of methamphetamine, some of which he sold in June, and the rest of which he continued to possess in September. *Id*. at 529-30.

In *Kimbrough*, there was similarly an "unclear" record that made it impossible for this Court to determine whether two burglaries were committed nine days apart or whether one burglary was merely reported nine days after the first burglary. *Kimbrough*, 138 F.4th at 478. This Court pointed out the defendant had committed three similar crimes in the ten days before the first burglary, and attempted another burglary between the first burglary and the second burglary – making it seven burglary or theft crimes within the span of 19 days. *Id*. This Court also noted that Kimbrough had been working with an accomplice who said, upon arrest, "Y'all have us for at least seven." *Id*. This Court found that given all these factors, a jury could have found that the two burglaries at issue were part of a "single 'criminal event.'" *Id*. at 477-78.

> C. <u>There Was Overwhelming Evidence in the Record that Barnes's and Durham's Predicate Offenses Were Committed on Different Occasions.</u>

Unlike in *Kimbrough* and *Cogdill*, the record here clearly establishes the undisputed dates and locations for the predicate offenses at issue. And while Barnes and Durham each repeatedly committed the same sort of crime (robberies for Barnes, burglaries for Durham), this is more indicative of the recidivism the ACCA was designed to target, than of a common scheme or purpose creating a

9

single criminal event. With one exception, each predicate offense targeted a different victim. Some offenses were committed with accomplices, and some were committed without.

During the first robbery, Barnes robbed a Family Dollar on Portland Avenue. (R.133 Barnes Presentence Report 674). Ten days later, Barnes returned to the same store with an accomplice and fired a shot when the clerk could not open the register. (*Id*.). Ten days and numerous intervening events occurred between the two robberies. Barnes would have eaten, slept, and found an accomplice. The store would have opened and closed multiple times, had numerous shift changes, and resupplied the cash drawer. Thus, even though the first two robberies are of the same location, there is evidence they occurred on different occasions. Almost two weeks after that, Barnes and an accomplice robbed a Family Dollar on Poplar Level Road. (*Id*.). Then more than nine *months* after the third robbery, Barnes and an accomplice robbed a Family Dollar on 28th Street. (*Id*.). Thus at least a week separated each crime, not the seven crimes in 19 days from *Kimbrough*. *See United States v. Bowling*, 135 F.4th 1125, 1127 (8th Cir. 2025) (gap of "at least a week" between burglaries indicated different occasions); *United States v. Curry*, 125 F.4th 733, 741 (5th Cir. 2025) (noting that while a gap of days may indicate "one continuous occasion" a gap of weeks would not). Although two of the robberies were at the same store, the others were not

10

close to each other.³ The record shows beyond a reasonable doubt (1) that a reasonable jury would have found different occasions, and, if this Court adopts the Fourth Circuit's harmless-error standard for pleas, (2) that Barnes would not have chosen to go to trial if advised the jury would have decided the different-occasions issue, as Barnes received benefits from his acceptance of responsibility, was advised the ACCA enhancement might apply, did not seek to withdraw his guilty plea based on the fact that the district court was going to make the finding, and did not contest the facts in the Presentence Report that provided the basis for the district court's different-occasions finding. *See Brown*, 136 F.4th at 98.

With respect to Durham, the record is even clearer. Durham's home burglaries occurred over two years (with days weeks and months between occasions) and were separated by three intervening arrests (one in January 2010 and two in October 2010). (R.138 Durham Presentence Report 713-23); s*ee Kimbrough*, 138 F.4th at 478 (characterizing an "intervening arrest" as a "significant intervening event"). Durham burglarized some of the homes by himself and others with an accomplice. (R.138 Durham Presentence Report 713-

---

³ This Court may take judicial notice of maps showing distances between locations. *Livingston Christian Sch. v. Genoa Charter Twp.*, 858 F.3d 996, 1008 (6th Cir. 2017). The Portland Avenue location is a 13-mile drive from the Poplar Level Road location. *See* Google Maps, https://maps.app.goo.gl/1ywArmqg8bYi7rGx7 (last visited July 22, 2025). The Poplar Level Road location is a 10-mile drive from the South 28th Street location. *See* Google Maps, https://maps.app.goo.gl/qB8zicwx1MUqBhry8 (last visited July 22, 2025). The Portland Avenue location is a 2.7-mile drive from the South 28ths Street location. *See* Google Maps, https://maps.app.goo.gl/eLe98SYDQmfmruT76 (last visited July 22, 2025).

23). A jury would have made the same different-occasions finding the district court did.

## CONCLUSION

This Court should affirm the judgments.

Respectfully submitted,

Kyle G. Bumgarner
United States Attorney

*s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant U.S. Attorney
U.S. Attorney's Office
717 W. Broadway
Louisville, KY 40202
PH:(502)582-5016/FAX:(502)582-5067
Email: amanda.gregory@usdoj.gov
Attorney for the United States

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the 2,500-word limit imposed by the Court, and including headings, footnotes, and quotations, contains 2,480 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 6 Cir. R. 32(b). I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word with 14-point Times New Roman.

                                            */s/ Amanda E. Gregory*
                                            Amanda E. Gregory
                                            Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2025, a copy of the foregoing brief was electronically filed with the clerk of the court by using the CM/ECF system which will notify counsel of record.

                                            s/ Amanda E. Gregory
                                            Amanda E. Gregory
                                            Assistant U.S. Attorney

# APPELLEE'S DESIGNATION OF DISTRICT COURT RECORDS

| Record Entry | Description | Page ID# |
| --- | --- | --- |
| 12 | Indictment | 61-67 |
| 112 | Order | 471-473 |
| 120 | Verdict Form | 528 |
| 133 | Barnes' Presentence Report | 659-685 |
| 138 | Durham's Presentence Report | 699-740 |
| 139 | Durham's Sentencing Memo. | 741-746 |
| 140 | Gov't. Sentencing Memo. for Durham | 747-752 |
| 141 | Barnes' Sentencing Memo. | 753-758 |
| 144 | Gov't. Sentencing Memo. for Barnes | 769-772 |
| 155 | Opinion | 801-820 |
| 176 | Durham's Sentencing Transcript | 939-994 |
| 187 | Barnes' Change of Plea Transcript | 1015-1051 |
| 188 | Barnes' Sentencing Transcript | 1052-1093 |
| 190-1 | Barnes' Sentencing Exhibit | 1097-1109 |
| 194-1 | Durham's Sentencing Exhibit | 1116-1154 |
|  | Barnes' Sentencing Gov't. DVD Exhibit | n/a |
|  | Durham's Sentencing Gov't. DVD Exhibit | n/a |